UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **VELBERT M. REED, SR.**<br>LA. DOC #322981<br>VS. | **CIVIL ACTION NO. 3:11-cv-2009**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **JERRY GOODWIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Velbert M. Reed, Sr. filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 8, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the David Wade Correctional Center, Homer, Louisiana. Petitioner attacks his 1993 conviction for first degree robbery in the criminal proceeding assigned Docket Number 93-F-1156 of Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and that it be **DISMISSED** for lack of jurisdiction.

*Background*

Petitioner was charged with armed robbery; in March 1993, the Ouachita Parish jury found him guilty of first degree robbery and petitioner was thereafter sentenced to serve 35-years at hard labor. His conviction and sentence were affirmed in an unpublished opinion of Louisiana's Second Circuit Court of Appeals on October 26, 1994. *State of Louisiana v. Velbert M. Reed*, 94-26448 (La. App. 2 Cir. 10/26/1994), 644 So.2d 1162 (Table), rehearing denied 10/1/1994. The Louisiana

Supreme Court denied writs on June 2, 1995. *State v. Reed*, 94-3149 (La. 6/2/1995), 654 So.2d 1102.

His subsequent collateral attacks of this conviction were denied by the Louisiana courts and on April 14, 1997, he filed a petition for writ of *habeas corpus* collaterally attacking the first degree robbery conviction in this Court. On April 14, 1998, United States Magistrate Judge Roy S. Payne recommended dismissal with prejudice and on July 10, 1998, United States District Judge Donald E. Walter rendered judgment dismissing the petition with prejudice. On March 5, 1999, petitioner's request for a Certificate of Appealability (COA) was denied by the Fifth Circuit Court of Appeals. In October 1999 his petition for *certiorari* was denied by the United States Supreme Court. *Velbert M. Reed, Sr. v. Warden, Winn Corrections Center*, No. 3:97-cv-0990, at Docs. 1, (Petition), 16 (Report and Recommendation), 19 (Judgment), 23 (Amended Judgment), 25 (Judgment of the 5th Circuit denying COA), 26 (Letter from the Supreme Court).

On October 18, 2005, petitioner filed a second petition for writ of *habeas corpus* in this Court. This petition also collaterally attacked the first degree robbery conviction under Docket Number 92-F-1156. On December 5, 2005, the undersigned recommended that petitioner's second petition for *habeas corpus* be deemed successive and transferred to the United States Fifth Circuit Court of Appeals so that petitioner could obtain permission to file the successive pleading. On February 13, 2006, United States District Court Judge Robert G. James adopted the recommendation and transferred the pleadings to the Fifth Circuit. On May 3, 2006, the Fifth Circuit denied permission to file the second or successive petition. *Velbert M. Reed, Sr., v. Venetia Michael, Warden,* No. 3:05-cv-1824 at Docs. 1 (Petition), 5 (Report and Recommendation), 7 (Judgment), and 10 (Order of the Fifth Circuit).

Petitioner filed the instant petition for *habeas corpus* on November 8, 2011; as previously

noted, he attacks the same first degree robbery conviction that he attacked in the cases docketed under Civil Action Nos. 3:97-cv-0990 and 3:05-cv-1824.

### *Law and Analysis*

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* was, as shown above, dismissed with prejudice; petitioner's second *habeas* petition was deemed successive and transferred to the Fifth Circuit Court of Appeals. The instant petition, which attacks the same conviction and sentence is petitioner's third attempt to collaterally attack his Louisiana conviction in federal court.

As petitioner must now be aware, before a *habeas* petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization prior to filing the instant petition.

Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be deemed successive and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth**

**arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

   In Chambers, Monroe, Louisiana, January 26, 2012.

                              _____
                              KAREN L. HAYES
                              U. S. MAGISTRATE JUDGE